**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT LAWS,**

      **Plaintiff,**

                                      **Case No. 2:21-cv-139**
   **v.**                              **Judge Sarah D. Morrison**
                                        **Magistrate Judge Elizabeth P. Deavers**

**FRANKLIN COUNTY CHILD**
**SERVICES,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff Robert Laws, an Ohio resident proceeding without the assistance of counsel,

brings this action against Defendant Franklin County Child Services ("FCCS").  This matter is

before the Undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§

1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint,

ECF No. 7, or any portion of it, which is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  28 U.S.C. §§ 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.

1997).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED**

that the Court **DISMISS** this action.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

1

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts a claim for "custodial negligence" against Defendant FCCS under 42 U.S.C. § 1983.  (*See generally* ECF No. 7.)

3

Plaintiff alleges that he was in the custody of Defendant FCCS as a minor and was subjected to "a substantial amount of child abuse." (*Id.* at PAGEID # 22, ¶ 10.) Plaintiff alleges that Defendant FCCS "knew or should have known of the abuse through numerous sources of evidence but refused to act accordingly." (*Id.* at ¶ 9.) Plaintiff alleges that such abuse "has resulted in damages and distress lasting to this date," and seeks "any and all compensatory and/or punitive damages . . . as well as declaratory and injunctive relief protecting the Plaintiff from further abuse." (*Id.* at ¶¶ 10-12.)

Even giving Plaintiff every benefit of the doubt, this case cannot proceed. As a general rule, local governments and counties are not "persons" under § 1983 and thus, not subject to suit, even where acting under color of state law. *See Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 691 (1977). Only where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [complained of] injury[,]" counties and other local governments are considered a "person" for purposes of § 1983. *Id.* at 694. The Court of Appeals for the Sixth Circuit, in *Petty v. County of Franklin,* 478 F.3d 341, 347–48 (6th Cir. 2007), articulated a two-part test for determining whether the *Monell* standard has been satisfied, stating:

> [t]he mandate of *Monell* and its progeny requires (1) that a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," ... and (2) that there be an "affirmative link between the policy and the particular constitutional violation alleged[.]"

*Petty,* 478 F.3d at 347 (citing *Monell,* 436 U.S. at 694; *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985)) (internal citations omitted).

Plaintiff makes no such claims here, however. He instead appears to allege that what happened to him constituted an ***exception*** to Defendant FCCS' governmental custom. (*See* ECF No. 7 at PAGEID # 23, ¶ 16 ("An ordinary individual would be entitled to immediate protection

4

upon discovery of the abuse in the instant matter. In this case, the Defendant entity failed to protect the Plaintiff resulting in the damages complained of in this instant matter.").) Such allegations are insufficient to assert a Section 1983 claim against Defendant FCCS. *Mathis v. Ohio Dep't of Job & Fam. Servs.*, No. 2:11-CV-395, 2011 WL 5075824, at *4–5 (S.D. Ohio Oct. 25, 2011) (dismissing Section 1983 claim against Defendant FCCS where "Plaintiffs [did] not allege that FCCS has a policy or custom . . . [related to] the harm Plaintiffs alleged they suffered.").

Further, Plaintiff expressly alleges "negligence" and "gross negligence" by Defendant FCCS. (*See* ECF No. 7 at PAGEID ## 21-22, ¶¶ 1-2, 11.) But it is well established that the deliberate indifference standard applicable to Section 1983 claims is a higher standard. *See, e.g., Jones v. Muskegon Cty.*, 625 F.3d 935, 947 (6th Cir. 2010) ("The Sixth Circuit, however, has determined that the standard for deliberate indifference and the standard for gross negligence are different . . . . The district court did not sufficiently distinguish deliberate indifference from gross negligence and did not recognize that deliberate indifference is a more stringent standard."); *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) ("Where the identified policy is itself facially lawful, the plaintiff 'must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice.'") (citing *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 407 (1997) (quoting *City of Canton v. Harris,* 489 U.S. 378, 388 (1989)).

Accordingly, the Court concludes that, even when accepting all as true all Plaintiff's well pleaded allegations, Plaintiff has failed to allege a plausible claim for relief against Defendant FCCS. For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

|  |  |
|---|---|
|  | /s/ *Elizabeth A. Preston Deavers* |
| DATED:  April 14, 2021 | **ELIZABETH A. PRESTON DEAVERS** |
|  | **UNITED STATES MAGISTRATE JUDGE** |

6